UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT LEE WOODARD,

    Plaintiff,

v.

CITY OF MENLO PARK,

    Defendant.
_____

No. CV 09-3331 SBA

**ORDER**

This matter comes before the Court on defendant City of Menlo Park's ("Defendant City") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss"). (Docket No. 8). Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Defendant's Motion to Dismiss with leave to amend.

## **BACKGROUND**

**A.  Factual Background**

On February 3, 2007, Robert Lee Woodard ("Plaintiff") was arrested in East Palo Alto, California. Plaintiff alleges that the arresting Menlo Park police officer, Officer Venzon, approached Plaintiff in an unmarked car, asked to speak with Woodard and ultimately exited his vehicle and tackled Plaintiff to the ground. (Complaint for Civil Rights Violation/Excessive Force ¶ 11.) ("Compl.") Plaintiff further alleges that Officer Venzon kneed him in the chest and back and kicked him in the face and side with such force that he fractured five of his ribs and collapsed one of his lungs. (Compl. ¶ 10.) Attached to Plaintiff's complaint are a number of medical billing records showing that he received treatment at Stanford Hospital in the early hours of February 4, 2007 for injuries subtotaling $25,206.45. (Compl. at 7-41.)

On February 28, 2007, Plaintiff was criminally charged with the offenses he allegedly committed on February 3, 2007: resisting arrest and possession of drug paraphernalia. (Request for Judicial Notice in Support of Motion Fed. Rule of Civ. Proc. 12(b)(6) to Dismiss Complaint, Ex. 5 at 1.) ("Req. for JN.") On January 17, 2008, Plaintiff plead nolo-contendre to the charge of resisting arrest and the court dismissed the possession charge. (Req. for JN, Ex. 5 at 8.)

On February 13, 2008, Plaintiff filed a complaint against the City of Menlo Park ("Defendant City") in the Superior Court of San Mateo County. (Req. for JN, Ex. 2 at 2.) The complaint was, however, dismissed for failure to comply with the provisions of the Government Tort Claims Act (Gov. Code, §§ 900 *et seq*.). (Req. for JN, Ex. 2 at 2.) Plaintiff's subsequent petition seeking relief from the requirements of the Act was denied. (Req. for JN, Exs. 1, 2.) Plaintiff filed a motion to reconsider his petition on July 25, 2008. (Req. for JN, Ex. 2 at 3.) At a hearing on August 19, 2008, the superior court granted Plaintiff's motion to reconsider the matter, but again denied his petition for relief from the Government Tort Claims Act. (Req. for JN, Ex. 2 at 3.) Plaintiff timely appealed this decision, asking the Court of Appeal to reverse the lower court's denial of his petition for relief from the requirements of the Government Tort Claims Act. Plaintiff claimed that he had been mentally incapacitated throughout the six-month claims period. (Req. for JN, Ex. 2 at 4.) The Court of Appeal, however, had "no difficulty concluding" that the superior court did not abuse its discretion in denying Plaintiff the relief sought. (Req. for JN, Ex. 2 at 8.)

### B. Procedural Background

Plaintiff filed the complaint in the instant action on July 21, 2009 (Docket No. 1), and is appearing before this Court *pro se*. Plaintiff's complaint alleges that Defendant City violated Plaintiff's Fourth Amendment rights guaranteed him under 42 U.S.C. § 1983 ("Section 1983"). In response to these allegations, Defendant City has moved to dismiss Plaintiff's complaint for failure to state a claim. (Docket No. 8.) Plaintiff filed a "Declaration in Opposition to Motion to Dismiss Complaint" ("Opp."). (Docket No. 12.)[1] Defendant City has not filed a reply to Plaintiff's opposition.

---

[1] The Plaintiff likely mislabeled this document, as it seems that Plaintiff's declaration is actually an attempt at filing an opposition to Defendant City's 12(b)(6) motion. Recognizing the fact that Plaintiff is appearing *pro se,* the Court treats Plaintiff's declaration as an opposition.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on "either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare* System, LP, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). For purposes of granting a Rule 12(b)(6) motion, the court construes the complaint in a light most favorable to the plaintiff and assumes all properly pleaded factual allegations to be true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). All reasonable inferences must be drawn in favor of the plaintiff. *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997).

The court is generally confined to consideration of the allegations in the pleadings, but may consider documents that accompany a complaint when evaluating the merits of a Rule 12(b)(6) motion. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1990). Because Rule 12(b)(6) review is confined to the complaint, the court may not consider material outside the pleading (e.g., facts presented in briefs, affidavits, or discovery materials). *In re American Continental Corp./ Lincoln Savings & Loan Securities Litigation*, 102 F.3d 1524, 1537 (9th Cir.1996). It may, however, properly consider exhibits submitted with the complaint, documents whose contents are alleged or relied on in the complaint when their authenticity is not questioned, and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir.2001).

## ANALYSIS

**A.    42 U.S.C. § 1983 Claim**

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but serves as a tool for vindicating those federal rights elsewhere conferred. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under Section1983, a plaintiff

3

must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987).

Municipalities are included among those "persons" to whom Section 1983 applies. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978). However, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694. There is no respondeat superior liability under Section 1983. *Id*. at 691.

Defendant City moves to dismiss Plaintiff's Section 1983 claim for failing to meet the second prong of the *Atkins* test. Specifically, Defendant City asserts that Plaintiff has not alleged that Officer Venzon was acting under the color of state law when he purportedly violated Plaintiff's rights. Plaintiff, in his opposition, actually concedes the merit of Defendant City's argument on this point and asks leave of the Court to amend his complaint. (Opp. at 1.) However, having requested leave to amend, Plaintiff nonetheless attempts to immediately rectify his pleading deficiency by discussing a letter sent to him on April 11, 2007, from the Menlo Park Chief of Police, Bruce Goitia. (Attached to Opp.)

Plaintiff's referenced letter contains Defendant City's official position that, when executing the February 3, 2007 arrest of Plaintiff, Officer Venzon "acted in accordance to [sic] department policy and procedure." *Id*. Had Plaintiff attached this letter to his original complaint, he would have been able to make a preliminary showing that Officer Venzon *was* in fact acting pursuant to official City policy when he arrested Plaintiff in the manner alleged. Under such a scenario, Plaintiff's Section 1983 claim against Defendant City would have been properly founded and could have withstood Defendant's 12(b)(6) motion. As is, however, this Court will not consider the letter from Mr. Goitia. The letter is attached to Plaintiff's declaration in opposition but was never included or referenced in the original complaint. "As a general rule, 'a district court may not consider any

4

material beyond the pleadings in ruling on a Rule 12(b)(6) motion.' " *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994).

Because Plaintiff failed to allege in his complaint that Officer Venzon was acting under the color of state law, or attach the letter from Mr. Giota, he fails to properly state a Section 1983 claim against Defendant City.

This Court therefore GRANTS Defendant's Motion to Dismiss the Section 1983 claim, but with leave to amend. *See Young v. City of Visalia*, 2009 WL 2567847 at *11 (E.D.Cal.,2009) (Judge Anthony W. Ishii) (dismissing, with leave to amend, Plaintiff's *Monell* claims against municipal Defendant because no policy or custom was sufficiently alleged).

**B.   State Causes of Action**

Plaintiff asserts that Defendant City violated his "Fourth Amendment rights under the U.S. Constitution" and "Title 42 of the United States Code, Section, 1983 to be free of violence and injury during an arrest." (Compl. ¶ 11.) As such, his present claims sound in federal law. Defendant nonetheless requests that this Court bar any cognizable state claims that it <u>*may*</u> determine Plaintiff has alleged because they are barred by Plaintiff's failure to comply with the Government Tort Claims Act . (Mot. at 5.) However, because Plaintiff's complaint currently asserts only a federal cause of action for violation of civil rights under 42 U.S.C. § 1983, the issue of state claims is presently a moot point. Furthermore, Plaintiff, in his opposition, does not assert or argue that he asserts state law causes of action and/or that such claims should not be dismissed by this Court.

Because Plaintiff has not asserted any state law causes of action, Defendant's motion is DENIED AS MOOT.

///

///

///

///

## **CONCLUSION**

For all the reasons set forth above, the Court GRANTS Defendant City's Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 claim. Plaintiff is GRANTED LEAVE TO AMEND his complaint. The Court DENIES AS MOOT Defendant City's Motion to Dismiss any state causes of action.

IT IS HEREBY ORDERED THAT:

1. No later than twenty (20) days from the date this Order is filed, Plaintiff shall file an Amended Complaint that cures the deficiencies discussed in this Order. If Plaintiff fails to file an Amended Complaint within the aforementioned period of time, the Complaint shall be dismissed with prejudice, either sua sponte or on request of the Defendant, without further notice to Plaintiff. If Plaintiff files an Amended Complaint, Defendant shall file an answer, a motion to dismiss, or other responsive paper no later than twenty (20) days from the date that Defendant is served with the Amended Complaint.

2. The Case Management Conference currently scheduled for November 10, 2009 shall be CONTINUED to **January 14, 2010, at 3:15 p.m.** The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order For All Judges Of The Northern District Of California and the Standing Order of this Court. Plaintiffs shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated: 11/10/09

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT L. WOODARD,
        Plaintiff,

v.

MENLO PARK CITY OF et al,
        Defendant.

Case Number: CV09-03331 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 16, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Lee Woodard
2250 Menalto Avenue
East Palo Alto, CA 94303

Dated: November 16, 2009
    Richard W. Wieking, Clerk
    By: LISA R CLARK, Deputy Clerk

7