UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE WOODARD,<br><br>      Plaintiff,<br><br>  v.<br><br>CITY OF MENLO PARK, *et al.*,<br><br>      Defendants.<br>_____ | No. CV 09-3331  SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

This matter comes before the Court on defendants City of Menlo Park, Andy Cohen, Bruce Goitia, and Ron Venzon's ("Defendants") Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss"). (Docket No. 22).  Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing.  The Court hereby GRANTS Defendant's Motion to Dismiss as discussed below.

## **BACKGROUND**

### A.   **Factual Background**

On February 3, 2007, Robert Lee Woodard ("Plaintiff") was arrested in East Palo Alto, California.  Plaintiff alleges that the arresting Menlo Park police officer, Officer Ron Venzon, approached him in an unmarked car while he was walking home and asked to speak with him. (First Amended Complaint for Civil Rights Violation/Excessive Force ("FAC") ¶ 12.)  Plaintiff, apparently not realizing that Officer Venzon was a police officer, ignored Officer Venzon's command and kept walking. (*Id.*) Thereafter, Officer Venzon exited his vehicle and ran towards Plaintiff who then realized that Officer Venzon was a police officer because of his uniform. Plaintiff allegedly surrendered by putting his hands in the air and facing Officer Venzon. Plaintiff alleges that despite the fact that he was facing Officer Venzon with his hands up, Officer Venzon tackled him to the

ground. (*Id.*) Officer Venzon then, allegedly, kneed Plaintiff in the chest and back and kicked him in the face and side with such force that he fractured five of his ribs and collapsed one of his lungs. (FAC ¶¶ 11-12 .) Attached to Plaintiff's complaint are a number of medical billing records showing that he received treatment at Stanford Hospital in the early hours of February 4, 2007 for injuries subtotaling $25,206.45. (*See* FAC at 14-42.)

On February 28, 2007, Plaintiff was criminally charged with the offenses he allegedly committed on February 3, 2007: resisting arrest and possession of drug paraphernalia. (MTD at 3:23-27.) On January 17, 2008, Plaintiff pled nolo-contendre to the charge of resisting arrest and the court dismissed the possession charge. (*Id.* at 3:27-4:1.)

**B. Procedural Background**

On July 21, 2009, Plaintiff, appearing *pro se*, filed a complaint in this action solely against the City of Menlo Park ("Defendant City"), alleging that Defendant City violated his Fourth Amendment rights guaranteed under 42 U.S.C. § 1983 ("Section 1983"). On November 16, 2009, this Court granted Defendant City's motion to dismiss for failure to state a claim and granted Plaintiff leave to amend. (Docket No. 18.) On November 23, 2009, Plaintiff filed the instant First Amended Complaint. The First Amended Complaint named as new defendants: Mayor Andy Cohen ("Cohen"), Police Chief Bruce Goitia ("Goitia"), Officer Ron Venzon, and the Menlo Park Police Department. On December 14, 2009, Defendants filed the instant motion to dismiss certain causes of action and defendants Cohen and Goitia. (Docket No. 22.) On December 28, 2009, Plaintiff filed an opposition stating that Defendants had "created" certain causes of action from his *pro se* complaint and clarifying that his "sole cause of action is for 'excessive force' under the Fourth Amendment." (Opp. at 2:16-21.) On February 10, 2010, Defendants submitted a reply. (Docket No. 28.)

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (internal quotation marks omitted); *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).  "In general, the inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff."  *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment.  *See Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005); *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

## ANALYSIS

Defendants' motion to dismiss is predicated on their understanding that Plaintiff's *pro se* Complaint alleges four causes of action: (1) excessive force against Officer Venzon, (2) illegal search and seizure against Officer Venzon, (3) violation of equal protection against Officer Venzon, and (4) a *Monell* claim against Defendant City, Cohen and Goitia.  Defendants move to dismiss what they interpret as Plaintiff's second and third causes of action in their entirety, and Plaintiff's fourth cause of action, to the extent that it alleges liability against Cohen and Goitia. Defendants also argue that the Menlo Park Police Department is not a proper party to this action.  Finally, Defendants concede that "Plaintiff appears to have properly pled causes of action for violation of excessive force against Ron Venzon and *Monell* liability against [Defendant] City." (Reply at 2:9-10.)  In his opposition, Plaintiff states that "Defendants have created out of thin air three additional causes of action that I have no intention of trying to prove. My sole cause of action is for 'excessive force' under the Fourth Amendment to the U.S. Constitution." (Opp. at 2:18-21.)  Plaintiff thus makes clear that his only cause of action is for excessive force against Officer Venzon, which Defendants concede has been properly pled and is not a subject of the instant motion to dismiss.

///

///

### **CONCLUSION**

Accordingly, Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART as follows:

1. Defendants' Motion to Dismiss Plaintiff's causes of action for (1) illegal search and seizure, (2) equal protection violations, and (3) *Monell* liability are DENIED AS MOOT. Plaintiff represents that his sole cause of action is for excessive force, which Defendants concede has been properly pled and is not a subject of this motion to dismiss.

2. Defendants' Motion to Dismiss defendants Mayor Andy Cohen, Police Chief Bruce Goitia and the Menlo Park Police Department is GRANTED because Plaintiff's sole cause of action is for excessive force against Officer Venzon.

3. The Case Management Conference currently scheduled for March 9, 2010 shall be CONTINUED to **April 21, 2010, at 3:30 p.m.**  The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order For All Judges Of The Northern District Of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated: 3/5/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge