UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT LEE WOODARD,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF MENLO PARK, et al.,<br><br>Defendants. | Case No. C 09-3331 SBA<br><br>**ORDER GRANTING MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>Docket 78. |

On July 21, 2009, Plaintiff Robert Woodard ("Plaintiff"), proceeding pro se, commenced the instant civil rights action, alleging an excessive force claim under 42 U.S.C. § 1983. Compl. Dkt. 1. On May 17, 2012, this Court issued an Order appointing Kristen Hall and Peter Meier as counsel of record for Plaintiff at the request of the Federal Pro Bono Project. Dkt. 72. The parties are presently before the Court on Plaintiff's motion to modify the Court's Amended Order for Pretrial Preparation ("Scheduling Order"). Dkt. 78. Defendant Officer Ron Venzon ("Defendant") opposes the motion. Dkt. 79. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion, for the reasons stated below.

I.   **DISCUSSION**

On August 5, 2011, this Court issued a Scheduling Order, which, among other things required fact discovery to be completed by September 30, 2011 and expert discovery to be completed by December 2, 2011. Dkt. 51. On May 30, 2012, less than two weeks after counsel was appointed, Plaintiff filed a motion to modify the Scheduling Order, requesting that the Court reopen discovery for the limited purpose of allowing Plaintiff to: (1) depose Defendant's three trial witnesses, i.e., Defendant, Officer Joseph Hinkston, and Sergeant

James Katapodis; (2) propound a small number of requests for production of documents; and (3) designate a use-of-force expert and a medical expert.  Dkt. 78.

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), district courts must enter a scheduling order to establish deadlines to, among other things, "complete discovery."  Once a Rule 16 scheduling order is entered, the schedule "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).  District courts have broad discretion to manage discovery and to control the course of litigation under Rule 16.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012).

In assessing whether there is "good cause" under Rule 16(b), the court "primarily considers the diligence of the party seeking the amendment" and the "moving party's reasons for seeking modification."  Johnson, 975 F.2d at 609.  A pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Id.  But, if the party seeking the modification of the scheduling order "was not diligent, the inquiry should end."  Id.  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Id.

The Court finds that Plaintiff has shown good cause to modify the Scheduling Order. The Court concludes that reopening discovery for the limited purpose of allowing Plaintiff to conduct the circumscribed fact discovery requested and to designate a use-of-force expert and a medical expert serves the interest of justice and the public policy of adjudicating cases on the merits.  The Court recognizes that Plaintiff's attorney was recently appointed as counsel and needs adequate time and materials to properly prepare for trial in this action.  Plaintiff's newly appointed counsel diligently sought to modify the Scheduling Order after discovering that Plaintiff failed to conduct any fact discovery or designate any experts.  While it is undisputed that Plaintiff did not comply with the discovery deadlines set forth in the Scheduling Order, the Court finds that Plaintiff's failure to conduct discovery was due to his pro se status, mental disability and lack of legal expertise, and not as a result of bad faith or carelessness.

The Court also finds that modifying the Scheduling Order will not cause Defendant to suffer undue prejudice or impact the orderly and efficient resolution of this case. Trial in this matter is currently scheduled for September 5, 2012. As such, reopening discovery for the limited purpose requested by Plaintiff will not delay the trial. Further, while the Court recognizes that Defendant will incur increased litigation costs as a result of granting Plaintiff's request to modify the Scheduling Order, any prejudice suffered by Defendant in this regard is substantially outweighed by Plaintiffs need to engage in discovery to adequately prepare for trial.

Accordingly, the Court hereby modifies the Scheduling Order as follows: (1) fact discovery is immediately reopened for the limited purpose of allowing Plaintiff to depose Defendant's three trial witnesses and to propound no more than ten (10) requests for production of documents; and (2) expert discovery is immediately reopened for the limited purpose of allowing Plaintiff to designate a use-of-force expert and a medical expert. Plaintiff shall have sixty (60) days from the date this Order is filed to complete fact discovery. Plaintiff shall designate any experts by no later than thirty (30) days from the date this Order is filed. Defendant may depose any person that Plaintiff designates as an expert by no later than sixty (60) days from the date this Order is filed.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to modify the Scheduling Order is GRANTED.

2. This Order terminates Docket 78.

IT IS SO ORDERED.

Dated: 6/8/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge