UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT LEE WOODARD,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF MENLO PARK, et al.,<br><br>    Defendants. | Case No: C 09-3331 SBA<br><br>**ORDER RE MOTIONS<br>IN LIMINE**<br><br>Docket 113-119. |

    Plaintiff Robert Woodard ("Plaintiff") brings the instant civil rights action alleging that Menlo Park police officer Ron Venzon ("Officer Venzon" or "Defendant") used excessive force against him during his arrest on February 3, 2007. A two or three-day jury trial is scheduled to commence on September 20, 2012. In anticipation for trial, Plaintiff filed seven[1] motions in limine, while Defendant filed three motions in limine. Dkt. 113-119. Having read and considered the papers submitted by the parties, and having considered the arguments made by counsel at the September 17, 2012 hearing, the Court enters the following rulings.

**I.     DISCUSSION**

    **A.     Plaintiff's Motions in Limine**

    For the reasons stated on the record during the hearing, the Court rules on Plaintiff's motions in limine as follows. Plaintiff's motion in limine no. 1, which seeks to exclude all testimony or evidence offered to establish that Officer Venzon determined that the object dropped by Plaintiff prior to being apprehended by Officer Venzon was drug paraphernalia or a "cocaine base pipe," is DENIED.

---

[1] Given the recent filing of Plaintiff's motion in limine no. 7, this Order only discusses Plaintiff's first six motions in limine.

1   Plaintiff's motion in limine no. 2, which seeks to exclude all testimony or evidence
2 offered regarding Plaintiff's use of non-prescription drugs (e.g., crack cocaine) on the night
3 of the incident or at any other time, is GRANTED IN PART AND DENIED IN PART.
4 The motion is denied to the extent it seeks to exclude all testimony or evidence offered
5 regarding Plaintiff's use of non-prescription drugs on the night of the incident.  The motion
6 is granted to the extent it seeks to exclude all testimony or evidence offered regarding
7 Plaintiff's use of non-prescription drugs at any other time.
8   Plaintiff's motion in limine no. 3, which seeks to exclude all evidence offered
9 regarding Plaintiff's prior testimony at a suppression hearing in a related criminal action,
10 and to exclude all evidence offered regarding Plaintiff's deposition testimony in this action,
11 is GRANTED WITHOUT PREJUDICE.  As indicated at the hearing, Officer Venzon may
12 request leave of Court to use specific portions of Plaintiff's prior testimony at trial.
13   Plaintiff's motion in limine no. 4, which seeks to preclude Officer Venzon from
14 testifying that: (1) "narcotic offenders often carry some type of weapon"; (2) he "was
15 concerned for his safety and the safety of others in the community" on the night of the
16 incident; and (3) "he was in a high crime and high narcotic activity area" when he
17 confronted Plaintiff, is GRANTED IN PART AND DENIED IN PART.  The motion is
18 granted as to the first statement and denied as to the second and third statements.
19   Plaintiff's motion in limine no. 5, which seeks to exclude all evidence regarding
20 Plaintiff's prior convictions and arrests, is GRANTED.
21   Plaintiff's motion in limine no. 6, which seeks to exclude all evidence regarding
22 Plaintiff's receipt of government disability benefits, is GRANTED.
23   **B.   Defendant's Motions in Limine**
24   For the reasons stated on the record during the hearing, the Court rules on
25 Defendant's motions in limine as follows.  Defendant's motion in limine no. 1, which seeks
26 an order precluding Plaintiff from referring to and/or testifying about previously dismissed
27 claims, is DENIED.
28

Defendant's motion in limine no. 2, which seeks an order precluding Plaintiff from referring to, testifying about or introducing evidence, documentary or testimonial, relating to a previous lawsuit in which Officer Venzon was a defendant, and to two previous lawsuits in which Officer Joseph Hinkston was a party, is GRANTED.

Defendant's motion in limine no. 3, which seeks an order precluding Plaintiff from testifying about or introducing any evidence, documentary or testimonial, concerning alleged medical expenses or financial damages Plaintiff allegedly sustained, including special damages, as well as any damages for future care or emotional and psychological injuries, is DENIED WITHOUT PREJUDICE to Officer Venzon filing supplemental briefing on the question of whether the collateral source rule applies where a plaintiff has not paid for the insurance that pays for his medical bills.

## II.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion in limine no. 1 is DENIED.
2. Plaintiff's motion in limine no. 2 is GRANTED IN PART AND DENIED IN PART.
3. Plaintiff's motion in limine no. 3 is GRANTED WITHOUT PREJUDICE.
4. Plaintiff's motion in limine no. 4 is GRANTED IN PART AND DENIED IN PART.
5. Plaintiff's motion in limine no. 5 is GRANTED.
6. Plaintiff's motion in limine no. 6 is GRANTED.
7. Defendant's motion in limine no. 1 is DENIED.
8. Defendant's motion in limine no. 2 is GRANTED.
9. Defendant's motion in limine no. 3 is DENIED WITHOUT PREJUDICE.
10. This Order terminates Docket 113-119.

IT IS SO ORDERED.

Dated:  9/18/12

SAUNDRA BROWN ARMSTRONG
United States District Judge