1
2
3
4                    UNITED STATES DISTRICT COURT

5            FOR THE NORTHERN DISTRICT OF CALIFORNIA

6                         OAKLAND DIVISION

7

8   ROBERT LEE WOODARD,                    Case No:  C 09-3331 SBA

9             Plaintiff,                   **ORDER**

10       vs.                               Docket 142, 146, 147.

11  CITY OF MENLO PARK, et al.,

12            Defendants.

13

14
        The parties are presently before the Court on Plaintiff Robert Woodard's ("Plaintiff")
15
    motion in limine no. 7 and administrative motion under Rule 611(c) of the Federal Rules of
16
    Evidence.  Dkt. 142, 147.  Also before the Court is Defendant Officer Ron Venzon's
17
    ("Defendant") supplemental briefing regarding his motion in limine no. 3.  Dkt. 146.
18
    Having read and considered the papers submitted by the parties in connection with these
19
    matters, and having considered the arguments made by counsel at the September 20, 2012
20
    hearing, the Court enters the following rulings for the reasons stated on the record at the
21
    hearing.
22
        With respect to Plaintiff's motion in limine no. 7, which seeks to exclude certain
23
    opinions of Defendant's rebuttal expert, Dr. Paul Joseph Mills, M.D. ("Dr. Mills"), the
24
    motion is GRANTED IN PART AND DENIED IN PART.  Plaintiff's motion seeks to
25
    exclude Defendant from offering the following opinions of Dr. Mills':
26
        1.  "Mr. Woodard most likely suffered rib fractures in the altercation of
27              02/03/07, and those most likely occurred in a single event, namely
                falling on his left side with either his arm or the arm of Officer Venzon
28              between the ribs and the ground with no evidence presented in the
                medical records that Mr. Woodard suffered multiple blows to any part

**1**

      of his body inasmuch as no reference is made to bruising of the head, for example, which on at least one occasion Mr. Woodard alleged was struck with a shotgun or some other weapon, or the anterior chest or the lateral ribcage."

**2**

**3**

**4**
2.  "It is unreasonable and medically improbable if not impossible to assume that an individual, schizophrenic or not, who has used crack cocaine within 3-4 hours of his attack or not would not in some manner attempt to avoid repetitive blows on his body and trunk."

**5**

**6**
3.  "It is also unreasonable to assert that an individual's physical behavior and injuries can more reasonably be assessed on the street by a police officer as compared to, for example, in an emergency room by medical personnel including nurses, physicians, residents and so forth."

**7**

**8**

**9**      The opinions offered by Dr. Mills in paragraphs two and three are excluded, while

**10**the opinions offered by Dr. Mills in paragraph one are excluded in part.  As the Court

**11**reminded counsel on the record on September 21, 2012, Dr. Mills may offer an opinion as

**12**to his diagnosis of Plaintiff's rib injuries.  Thus, his opinion that "Mr. Woodard most likely

**13**suffered rib fractures in the altercation of 02/03/07" is not excluded.  Dr. Mills, however, is

**14**precluded from offering any opinion as to the cause of Plaintiff's injuries, including the

**15**cause of his rib injuries.  For example, Dr. Mills is precluded from testifying that Plaintiff's

**16**injuries were caused by a "single event" and not from "multiple blows" as indicated in his

**17**expert report.

**18**      With respect to Plaintiff's administrative motion under Rule 611(c), which requests

**19**permission to use leading questions during the direct examination of Plaintiff, the motion is

**20**GRANTED.  Plaintiff's counsel may ask Plaintiff leading questions on direct examination.

**21**As discussed at the hearing, Defendant may object to any questions he deems overly

**22**suggestive or tantamount to witness "coaching."

**23**      Finally, with respect to Defendant's supplemental briefing regarding his motion in

**24**limine no. 3, which seeks an order "barring Plaintiff from introducing as evidence the un-

**25**discounted amount of the Stanford Hospital Invoice, as the un-discounted amount is not a

**26**collateral source payment, and the only amount to which Medicare can possibly have a lien

**27**is for the amount that was actually paid," the relief requested by Defendant is DENIED.

**28**      This Order terminates Docket 142, 146 and 147.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS SO ORDERED.

Dated:  9/21/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge